ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 SEP 28 AM 10: 17

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROBERT HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-082 |
| | ) | |
| CATHY TANNER, TIMOTHY JONES, | ) | |
| SHEVONDAH FIELDS,[1] DR. SHARON | ) | |
| LEWIS, SHEANDRA CALHOUN, and | ) | |
| COMMISSIONER BRIAN OWENS, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.[2]

---

[1]The **CLERK** is **DIRECTED** to modify the docket to reflect that Defendant Fields's first name is "Shevondah." (See doc. no. 1, pp. 1, 3.)

[2]Plaintiff originally filed this case in the United States District Court for the Middle District of Georgia. Because Plaintiff's complaint concerned events at JSP, and because no named Defendant resided in the Middle District, the case was transferred to this District. (Doc. no. 5.) Following the Order of Transfer, Plaintiff filed a "Motion to Correct the Court's Error in Transferring the Above Case." (Doc. no. 7.) This motion should be **DENIED** as **MOOT** because, for the reasons set forth below, Plaintiff is barred from filing

I.  BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

II.  DISCUSSION

A.  Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Heard v. Wetherington, CV 102-2944 (N.D. Ga. Dec. 5,

---

the instant case in federal court under 28 U.S.C. § 1915(g).

[3] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2002) (dismissing case as frivolous on initial screening); (2) <u>Heard v. Ga. State Prison</u>, CV 601-115 (S.D. Ga. Jan. 3, 2002) (dismissing case for failure to exhaust administrative remedies[4]); and (3) <u>Heard v. Hall</u>, CV 600-105 (S.D. Ga. Mar. 15, 2001) (dismissing case on initial screening for failure to state a claim).[5] As Plaintiff filed a complaint that was dismissed for being frivolous or for failing to state a claim in each of the cases cited above, these previously dismissed cases and appeal qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). In addition, the Court looks to <u>Brown v. Johnson</u>, 387 F.3d 1344 (11th Cir. 2004), for guidance on the issue of what constitutes "imminent danger of serious physical injury." In <u>Brown</u>, the plaintiff alleged a total withdrawal of treatment for serious diseases,

---

[4]The Eleventh Circuit has held that "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." <u>Rivera v. Allin</u>, 144 F.3d at 731.

[5]While the Court need not delve into the extent of Plaintiff's status as a serial filer, a cursory review of his litigation history reveals that he has commenced well over 100 cases and appeals in federal courts throughout Georgia, the majority of which were prison condition cases dismissed under the three-strike provision of § 1915(g). <u>See, e.g.</u>, <u>Heard v. Deal</u>, 1:11-CV-0954 (N.D. Ga. Mar. 31, 2011) (dismissing case pursuant to § 1915(g) and collecting Plaintiff's previous cases).

3

as a result of which he suffered from severe ongoing complications; thus, the Eleventh Circuit concluded that, viewed together, the afflictions of which the plaintiff complained (including his HIV and hepatitis), and the alleged danger of more serious afflictions if he was not treated, constituted imminent danger of serious physical injury. Id. at 1350.

Here, unlike in Brown, Plaintiff's claims do not fall within the imminent danger exception. Plaintiff attempts to meet the imminent danger exception by alleging that he suffers from Hepatitis C, for which he claims generally to have received inadequate treatment despite a variety of serious symptoms. (See doc. no. 1, pp. 4-5.) However, the claims that Plaintiff attempts to assert in his complaint focus on the grievance procedure at JSP rather than his medical care. (See id. at 7-9.) In particular, Plaintiff asserts that Defendants use and manipulate Georgia Standard Operating Procedure ("SOP") II B05-0001, which concerns grievance procedure, "to stop any lawful recourse for asserted wrongs by state officials." (Id. at 7; see also id. at 8 ("My averment is [that] each [Defendant] conspired, agreeing in the same, . . . by manipulating SOP B05-0001 to stop lawful litigation.".) Plaintiff also asserts that Defendants have retaliated and discriminated against him because he is a Christian, although the nature of the alleged retaliation and discrimination is not clear from the face of the complaint. (See id. at 7.) In his demand for relief, Plaintiff asks, *inter alia*, that the Court "to cause Defendants to change SOPs that do not comply with state and federal laws." (Id. at 10.)

In short, Plaintiff does not set forth allegations that specify how any named Defendant was responsible for his allegedly inadequate medical care. Rather, he appears set forth general allegations regarding his medical condition in an attempt to overcome § 1915(g)'s

4

three strikes provision so that he can bring claims against Defendants primarily regarding the purported mishandling of grievances that he has filed.[6] This approach is not permitted, as Plaintiff may only proceed with claims that fall within the imminent danger exception. See Joiner v. Mason, No. 209-CV-243, 2011 U.S. Dist. LEXIS 55580, at *11 (M.D. Ala. May 23, 2011) (noting that plaintiff had been allowed to proceed only with claims that met imminent danger exception); Lester v. Burnside, No. 5:09-CV-412, 2009 U.S. Dist. LEXIS 123822, at *3 n.1 (M.D. Ga. Dec. 28, 2009) (allowing plaintiff subject to three strikes rule to proceed IFP with regard to claims that met imminent danger exception but not with respect to other claims that failed to qualify for that exception). Notwithstanding his general allegations of inadequate medical care, Plaintiff's attempted claims do not qualify for the imminent danger exception; therefore, he has failed to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### C. Dishonesty in Complaint

Moreover, the form complaint Plaintiff used to commence this case, "Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, as well as certain information regarding any previous cases.[7] (Doc. no. 1, p. 2.) In this portion of his complaint, Plaintiff listed one previous case that he filed in this Court. (Id.)

---

[6] Of note, the Eleventh Circuit has held that "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, ___ F.3d ___, 2011 U.S. App. LEXIS 18293, at *11-12 (11th Cir. Sept. 2, 2011).

[7] The form also states, "If you have filed more than one lawsuit, list other lawsuits on a separate sheet of paper, giving the same information for each." (Doc. no. 1, p. 2.)

5

However, as noted above, Plaintiff has a filing history that places him in the top tier of abusive, serial filers. See Part II.A. Moreover, as recently as March 3, 2011, Plaintiff was provided a list of at least twelve prior cases he had filed when the Honorable Charles A. Pannell, Jr., United States District Judge, collected a non-exhaustive list of prior cases that Plaintiff had filed that were dismissed prior to service of process. See Heard v. Deal, 1:11-CV-0954, doc. no. 3, pp. 1-2 (N.D. Ga. Mar. 31, 2011).

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted); see also Young v. Sec'y Fla. Dep't of Corrs., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).[8]

---

[8]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any

6

All told, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.[9]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), that his "Motion to Correct the Court's Error in Transferring the Above Case" be **DENIED AS MOOT** (Doc. no. 7.), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would

---

pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

[9]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006).

7

require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 2nd day of September, 2011, at Augusta, Georgia.

/s/ W. Leon Barfield
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE